## Case No. 8,071.

LANMON et al. v. CLARK.

[4 McLean, 18.] [1]

Circuit Court, D. Michigan. June Term, 1845.

CREDITOR'S BILL — POWERS OF CHANCERY — NEW REMEDY BY STATE—FRAUDULENT CONVEYANCES.

1. The general chancery powers of a court of the United States, are derived under the laws of the United States, and not under the laws of a state.

2. But where a new remedy is authorized by a state, which may be appropriate to the exercise of a chancery jurisdiction, this court will give relief in the mode provided.

3. On this ground, a creditor's bill will be sustained to reach all the rights and credits which a judgment debtor may have, although they can not be reached by execution.

[Cited in Wilkinson v. Yale, Case No. 17,678; Shainwald v. Lewis, 6 Fed. 774.]

4. Fraudulent conveyances, for this purpose will be set aside.

In equity.

Mr. Fraser, for complainant.

Vandyke & Harrington, for defendant.

OPINION OF THE COURT. This is a creditor's bill, which states that a judgment was obtained in the circuit court of the United States in this district, by the complainant, against the defendant; and an execution being issued on the judgment, was returned by the marshal, no property, real or personal, to be found. And the complainant alleges that the defendant has equitable interests, things in action, and other property, which can not be reached by execution; and that he has also debts due to him from persons unknown, etc. They therefore ask a discovery, etc., and relief. The defendant demurs to so much of the bill as seeks discovery and relief, touching the equitable interests and rights of the defendant, and to any other part of the bill which prays that the judgment may be satisfied out of them. The creditor's bill is authorized by a statute of this state. No state court can increase or diminish the jurisdiction of the courts of the United States, sitting in chancery. They derive their jurisdiction in this respect under the acts of congress, and it is exercised in the same manner in the states, whether the courts of those states have courts of chancery or not. But where a new mode of procedure is authorized by a state, which is appropriate to chancery powers, relief will be given, in the mode provided, by the courts of the

[1] [Reported by Hon. John McLean, Circuit Justice.]

United States. On this principle, this court will sustain a bill, under the creditor's act of this state, which shall reach every description of interest that the defendant may have, and which can not be effected by an execution. This jurisdiction is appropriate to chancery, and may be exercised where there is no special statute. Similar relief is given in England. 1 Vern. 398; 1 P. Wms. 445; 2 Dickens, 575; Amb. 79, 455; 20 Johns. 563; 2 Johns. Ch. 283, 296; 4 Johns. Ch. 671. But these statutes in behalf of creditors adopt regulations which facilitate the progress of a cause, and the attainment of equitable relief. It is, therefore, judicious for the courts of the United States to avail themselves of these provisions, which conduce to the attainment of justice. The demurrer is overruled, and the defendant is required to answer.

## Case No. 8,072.

LANNING v. CASE et al.

[4 Wash. C. C. 169.] [1]

Circuit Court, Pennsylvania.[2] Oct. Term, 1821.

EVIDENCE—PARTY TO SUIT—HEARSAY — REPORT OF SURVEYOR.

1. What a witness has heard two settlers say as to one having sold his right to another, is but hearsay, and cannot be given in evidence.

2. How far, and to prove what facts, the report of the surveyor under an order of court to survey and plot the land in dispute, may be given in evidence.

3. If there be two or more defendants in ejectment, and no evidence be given of the possession of one of them, the jury may find a verdict for him at the bar; and he may be examined by the other defendants.

[This was an action in ejectment brought by Lanning against Case and others to recover land claimed by the plaintiff under land warrants.]

In this case it was ruled: (1) That the explanatory notes of the surveyor appointed under the order of this court to retrace and plot the lines of the land in dispute, were evidence, only so far as they related to the lines and marks on the ground, and other matters intended to explain his own work; but not to prove the possession of any of the defendants. For all other purposes the surveyor must be examined as a witness as in ordinary cases. (2) That if there be no evidence whatever to prove possession in one of the defendants in ejectment, the jury may find a verdict in his favour at the bar; so as to authorise the other defendants to examine him as a witness.

[For other ejectment cases brought by the same plaintiff against other defendants, see Cases Nos. 8,073, 8,074, 8,076.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [District not given.]